CLIFFORD A. STEVENS, Appellant, v. G. A. FRASER, as Adjutant General of the State of North Dakota, Respondent.

(205 N. W. 622.)

**Bounties — whether claimant for bonus was citizen or resident of state at time of entering service is to be ascertained by reference to statutes defining citizen and prescribing rules for determining residence.**

Whether a claimant for a bonus pursuant to chapter 206, Sess. Laws 1919, (Soldier's Bonus Act) and amendments thereto, was a citizen or resident of the state at the time of his enlistment in or induction into the military or naval service of the United States, must be ascertained by reference to the provisions of §§ 13 and 14, Comp. Laws, 1913, defining who are citizens and prescribing the rules for determining residence.

Opinion filed October 8, 1925.

Bounties, 9 C. J. § 12 p. 306 n. 68.

Appeal from District Court, Burleigh County, *Jansonius*, J.

Application for a writ of mandamus. Writ denied. Plaintiff appeals.

Affirmed.

*Halvor Halvorson* and *Geo. P. Jones,* for appellant.

Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears. Comp. Laws 1913, § 7278.

The word "resident" in its "ordinary sense" means a dweller, or one who dwells or resides permanently in a place, or who has a fixed residence as distinguished from an occasional lodger or visitor, unless the statutory signification given to the term when used in a particular connection, has a meaning different from its grammatical import or that which it usually bears in common parlance. 25 R. C. L. 988.

"Resident" is a word of a variety of meanings. The necessary element in its signification is locality of existence. Re Hector, 24 N. Y. Supp. 475.

The word "resident" is the opposite of "transient." The former

Note.—For construction and effect of soldier's bounty laws, see 13 A.L.R. 594.

describes a person at rest in a town; while the latter describes a person in passage through or across it. Reckling v. McKinstry, 185 Fed. 842; New Haven v. Middlebury, 21 Atl. 608; Words & Phrases, 2d series, 349; McCarty v. Thornton, 165 N. W. 498.

It is a safe rule of construction to resolve any ambiguity in a statute in favor of a just and equitable operation of the law. 25 R. C. L. 1022.

The question is what the words used in the act meant to those using them. Lawrence v. Meade Co. 62 N. W. 131.

*Geo. F. Shafer*, Attorney General, and *John Thorpe*, Assistant Attorney General, for respondent.

The construction placed upon a statute by the officers whose duty it is to execute it is entitled to great consideration, especially if such construction has been made by the highest officers in the executive department of the government, or has been observed and acted upon for many years, and such construction should not be disregarded or overturned unless it is clearly erroneous. 36 Cyc. 1140; United States v. Finnell, 185 U. S. 236, 46 L. ed. 89, 22 Sup. Ct. Rep. 633; 25 R. C. L. 1043.

It is noticeable, however, that in several of the cases the question of residence has arisen, and is the controlling question of the case, showing the practice in other states to be that, even though the soldier may have registered and been inducted into the service while in a certain state, his legal residence has been the controlling feature as to whether or not he was entitled to a bonus. Williamson v. Soldiers' Bonus Bd. 197 N. W. 257; Lindemuth v. Phillips, 182 N. W. 345; State v. Soldiers' Board, 194 N. W. 320; Parish v. Kansas, 231 Pac. 332.

JOHNSON, J. Plaintiff applied for a writ of mandamus directing the defendants to allow and pay a claim under the Soldier's Bonus Law. The facts are not in dispute. Petitioner came to North Dakota in 1915, at the age of seventeen. His parents at all times resided in Minnesota. He worked in this state until April, 1917, when he enlisted in the United States Army. He served during the war and was honorably discharged in March, 1919. He filed a claim for a bonus pursuant to chapter 206, Sess. Laws, 1919, but the Adjutant General disallowed it on the ground that the claimant was not a "resident" of

the state at the time of his enlistment within the definition of section 2 of the Act.

Section 2, chapter 206, Sess. Laws, 1919, as it is re-enacted in chapter 103, Sess. Laws, 1921, reads:

"The term 'returned soldier,' as used in this act, shall include any citizen of this state who has been honorably discharged from the military or naval service of the United States, or any citizen of this state who has been engaged or associated with either the military or naval forces of any of the governments associated with the United States government in the present war and who has been honorably discharged from such service. The term 'any citizen,' as used in this act shall include any person who at the time of enlistment or induction into any such military or naval service was a resident of the State of North Dakota."

Section 14, Comp. Laws, 1913, so far as material, provides:

"Every person has in law a residence. In determining the place of residence the following rules are to be observed:

1. It is the place where one remains when not called elsewhere for labor or other special or temporary purposes, and to which he returns in seasons of repose;

2. There can be only one residence;

4. The residence of the father during his life, and after his death the residence of the mother, while she remains unmarried, is the residence of the unmarried minor children;

5. The residence of the husband is presumptively the residence of the wife;

6. The residence of an unmarried minor who has a parent living cannot be changed by either his own act or that of his guardian."

No valid reason has been suggested for holding that the legislature in using the terms "citizen" and "resident" in the Bonus Act, did not intend that any question pertaining to the right of a minor to the bonus, who enlisted in or was inducted into the service of the government from this state, should be answered by reference to sections 13 and 14, supra, in every case where his claim was questioned or disallowed on the ground that the claimant was not, at the time of his enlistment or induction into the service, a "citizen" or "resident" of the state of North

Dakota. Clearly the claimant was not a citizen of this state; nor was he a resident thereof.

The judgment refusing the writ is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and NUESSLE, JJ., concur.